ALFORD, Judge.
This is an appeal from a judgment rendered in the City Court of Houma, Parish of Terrebonne, on two consolidated rules to evict. Appellee, the estate of Claude P. Boudreaux, filed the eviction proceedings against appellants, Anthony and Curtis Verdin. The trial court determined that appellee was entitled to the evictions based on LSA C.C.P. art. 4701, et seq.
The trial judge gave the following narrative of facts:
“Mr. Robert Boudreaux, Sr. testified on behalf of the Estate of Claude P. Bou-dreaux. He testified the Estate of Claude P. Boudreaux owned the property involved herein. Prior to about 1933 the property had been sold to the parents of Anthony and Curtis Verdin but they were unable to pay for the property so it was re-transferred to Claude P. Boudreaux with the agreement they could continue living on the property until they died. Both are deceased. Mr. Boudreaux said the defendants were supposed to buy the property but never did, that one of the defendants paid rent for a couple of months, and the Boudreauxs have been attempting to get them off the property for some time.
Introduced into Evidence as P-1 was the letter written to Anthony Verdin on August 26th, 1982; P — 2 is the letter written to Curtis Verdin; P-3 is the legal description of the property occupied by Anthony Verdin and P-4 is the legal description of the property occupied by Curtis Verdin.
Anthony Verdin testified his parents lived on the property prior to their deaths; that he moved a house thereon and paid rent a couple of months until his mother asked him why he was paying rent to the Boudreauxs since the property belonged to “The Verdins.” They have no bill of sale or any other document evidencing any rights of ownership or possession.
Curtis Verdin, Mary Verdin Dean and Rose Verdin Rodrigue all testified basically the same as Anthony Verdin.”
In his reasons for judgment, the trial judge noted that he found it strange that appellants in their answer to the rule to evict did not assert ownership, although in their testimony they allege they own the property. He went on to find that no written lease is required for appellee to utilize the eviction proceedings and that if a person is in fact in possession of property, the owner can cause them to be evicted. We find nothing erroneous in these general statements of the law relative to eviction.
As conceded by appellants in their brief, in order for appellee to utilize the eviction proceedings found in LSA C.C.P. art. 4701, et seq., appellants must either be lessees or occupants. Appellants maintain that they do not fall under either of these two categories. It is appellants’ contention that no evidence was produced to show that any lease was ever in effect between the parties, and further, that they could not be said to be occupants because they possessed the property adversely to appellee. We find it interesting that Anthony Verdin testified that he did in fact pay rent for several months and then ceased with the payments. Additionally, there is testimony to *1149 the effect that Claude P. Boudreaux allowed appellants’ parents to live on the property for as long as they might live.
LSA C.C.P. art. 4702 provides,
“When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or his agent, shall first cause a written notice to vacate the property to be delivered to the occupant.
This notice shall allow the occupant five days from its delivery to vacate the premises.”
The definition of occupant is found in LSA C.C.P. art. 4704 which provides in pertinent part,
“ ‘Occupant’ ” includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner;”
We are of the opinion, as was the trial judge, that appellants were occupants of the property by virtue of the accommodation of Claude P. Boudreaux, and upon the death of appellant’s parents the purpose of the occupancy ceased. Therefore, given that the requisite notice was given, we affirm the ruling of the trial court. Costs of this appeal are to be borne by appellants.
AFFIRMED.