569 So.2d 222 (1990)
Carol Holley ST. PIERRE
v.
Nancy HIRSCHFELD.
No. CA 89 1197.
Court of Appeal of Louisiana, First Circuit.
October 16, 1990.
*223 Madeline Slaughter, Covington, for appellee-plaintiff.
Nancy Hirschfeld, Slidell, in pro. per.
Before COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This action is an eviction proceeding in the City Court of Slidell. La.C.C.P. art. 4701 et seq. On the date of the trial on the merits, the defendant responded with declinatory, dilatory and peremptory exceptions and an answer. The trial court overruled the exceptions and rendered a judgment in favor of the plaintiff[1] which ordered the defendant to deliver the premises to the plaintiff within 24 hours. The defendant took this suspensive appeal. La.C.C.P. art. 4735.

FACTS
On March 26, 1953, John E. Manning and his wife, Imelda Dupre-Manning, sold to Lynn Holley a piece of land described as the south one-half of Lot 28 of Division 2 of the Howze Beach Estate Subdivision in St. Tammany Parish, Louisiana. This property is described in the record as 1301 Howze Beach Road, Slidell, Louisiana.
By judgment of possession signed March 11, 1968, Chester Lynn Holley, Carol Holley St. Pierre and Joyce Holley Laurence were placed in possession of this property.
By judgment of possession signed on May 8, 1985, Thomas D. Laurence, son of Joyce H. Laurence, was placed in possession of his mother's one-third undivided interest in the property.
Carol Holley St. Pierre testified that approximately 10 years prior to the trial (in 1979) she gave the defendant, Nancy Hirschfeld, permission to live in a trailer on the property. On March 25, 1989, Mrs. St. Pierre and her husband, Roger, went to the property. There was a chain on the gate to the property. Mr. St. Pierre cut the chain to gain admittance to the property. Subsequently, *224 two deputies came to the property and arrested Mrs. St. Pierre.
Nancy Hirschfeld testified she was shown the property in about 1979 by Michael Grasaffi, who was somehow related to Joyce Laurence. She testified she bought Joyce Laurence's interest in the property in January of 1979, and has lived on the property ever since. The sale was not recorded and she did not know if she still had the sale document "because of the flooding". She never paid taxes or drainage assessments on the property. She originally lived in the house on the property but subsequently occupied a trailer on the property. She testified she never discussed permission to be on the property with Mrs. St. Pierre. On March 25, 1989, she saw Mr. and Mrs. St. Pierre on the property and observed them go into the old house and start taking out her personal belongings. She left the property by a side entrance, walked down a road until she located a Sheriff's patrol and reported the incident.
On March 28, 1989, Mrs. St. Pierre (through her attorney) had Hirschfeld served with a notice to vacate the premises. La.C.C.P. art. 4702. On April 4, 1989, an eviction rule was issued to Hirschfeld to show cause on April 11, 1989, why she should not be ordered to vacate the premises. La.C.C.P. art. 4731. There was domiciliary service of this rule on April 5, 1989. The trial of this matter was held on April 11, 1989. The parties were represented by counsel at the trial.

SUBJECT MATTER JURISDICTION

(Assignment of error 1)
In the trial court, Hirschfeld filed a declinatory exception raising the objection of lack of jurisdiction over the subject matter of the action. La.C.C.P. art. 925(6). She asserted that she had a right to live on the premises because she purchased an undivided interest therein from Joyce Laurence and had adverse possession of more than 10 years thereafter, and that pursuant to La.C.C.P. art. 4847(A)(1)[2], this was a case involving title to immovable property over which the City Court of Slidell had no subject matter jurisdiction. Hirschfeld contends the trial court erred by overruling her declinatory exception. On appeal Hirschfeld also asserts the plaintiff failed to allege or prove the value of the occupancy of the premises and, thus, has failed to carry her (the plaintiff's) burden of showing that the City Court of Slidell had subject matter jurisdiction over this case, citing La.C.C.P. arts. 4704, 4843 and 4844.
Jurisdiction is the legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled. La.C.C.P. art. 1. Jurisdiction over the subject matter is the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the right asserted. La.C. C.P. art. 2. The jurisdiction of a court over the subject matter of an action or proceeding cannot be conferred by consent of the parties; a judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is void. La.C.C.P. art. 3. La.C.C.P. art. 4 provides as follows:
When the jurisdiction of a court over the subject matter of an action depends upon the amount in dispute, or value of the right asserted, it shall be determined by the amount demanded or value asserted in good faith by the plaintiff.

Except as otherwise provided by law, the amount in dispute consists of the principal sum, and the attorney's fees and penalties provided by agreement or by law, demanded by the plaintiff. Interest *225 and court costs are not a part of the amount in dispute. (Emphasis added)
The City Court of Slidell was created by Acts 1964, No. 102. La.R.S. 13:2487.1 et seq. Its subject matter jurisdiction in civil matters is governed by the applicable provisions of the Louisiana Code of Civil Procedure. La.R.S. 13:2487.18. The Louisiana Code of Civil Procedure limits the subject matter jurisdiction of city courts by the amount in dispute and by the nature of the proceeding. La.C.C.P. arts. 4841, 4843 and 4847. The subject matter jurisdiction of the City Court of Slidell is limited in civil matters to cases where the amount in dispute, or the value of the property involved, does not exceed $10,000. La.C.C.P. art. 4843; Eden Isles Architectural Control Committee for Units Three and Four v. Natal, 542 So.2d 134 (La.App. 1st Cir.1989). La.C.C.P. art. 4844(A) specifically provides for the determination of the amount in dispute in an eviction proceeding in a city court, in pertinent part, as follows:
A. A ... city court shall have jurisdiction, concurrent with the district court, over suits by owners and landlords for the possession of leased premises within its territorial jurisdiction, as follows:
. . . . .
(5) When the suit is to evict an occupant as defined by Article 4704, if the annual value of the right of occupancy does not exceed the amount in dispute to which the jurisdiction of the court is limited by Articles 4842 and 4843.
It has been held that the annual value of the right of occupancy is the fair rental value of the property. Veillon v. Veillon, 517 So.2d 941 (La.App.3rd Cir.1987). An occupant is defined in La.C.C.P. art. 4704 as follows:
"Occupant" includes a sharecropper; half hand; day laborer; former owner; and any person occupying immovable property by permission or accommodation of the owner, former owner, or another occupant, except a mineral lessee, owner of a mineral servitude, or a lessee of the owner;
Carol Holley St. Pierre testified that about ten years previously, she gave Nancy Hirschfeld permission to live on the premises. Neither party contends their legal relations are controlled by a contract of lease.
La.C.C.P. art. 4841(B) provides that in a city court "the amount in dispute is determined by the amount demanded or value asserted in good faith by the plaintiff". (Emphasis added). See also La.C. C.P. art. 4. This is called the "plaintiff's viewpoint" rule for determining the amount in dispute. Parish of Jefferson v. Paciera, 496 So.2d 266 (La.1986). Pursuant to La.C.C.P. art. 893, a petition in an ordinary proceeding for monetary damages in a court with subject matter jurisdiction limited by the amount in dispute should contain a general allegation that the claim is less than the requisite amount. However, eviction is a special proceeding; it is not an ordinary proceeding. The eviction of an occupant of premises commences with a written notice, which is provided for in La.C.C.P. art. 4702 as follows:
When an owner of immovable property wishes to evict the occupant therefrom, after the purpose of the occupancy has ceased, the owner, or his agent, shall first cause a written notice to vacate property to be delivered to the occupant.
This notice shall allow the occupant five days from its delivery to vacate the premises.
If the occupant does not vacate the premises, the owner may cause a rule to show cause to issue pursuant to La.C.C.P. art. 4731, which provides as follows:
If the lessee or occupant fails to comply with the notice required to vacate required under this Title, or if the lessee has waived his right to notice to vacate by written waiver contained in the lease, and has lost his right of occupancy for any reason, the lessor or owner, or agent thereof, may cause the lessee or occupant to be cited summarily by a court of competent jurisdiction to show cause why he should not be ordered to deliver possession of the premises to the lessor or owner. The rule to show cause shall *226 state the grounds upon which eviction is sought.
Neither Article 4702 nor Article 4731 requires an allegation concerning the value of the right of occupancy. However, when Articles 4702 and 4731 are applied in a city court proceeding, they must be interpreted in reference to La.C.C.P. arts. 4, 4841(B) and 4844(A), which provide that the jurisdictional limit of the city court is determined by the "plaintiff's good faith viewpoint" of the annual value of the right of occupancy. La.C.C. art. 13. Obviously, the defendant cannot provide the "plaintiff's good faith viewpoint" of the annual value of the right of occupancy of the premises; that "viewpoint" must come from the plaintiff. Although Articles 4702 and 4731 do not require an allegation concerning this element of subject matter jurisdiction, they do not prohibit such an allegation. The notice to evict and the rule to show cause herein do not contain a subject matter jurisdiction allegation concerning the amount in dispute.[3] In the absence of such an allegation, the plaintiff must prove the amount in dispute (subject matter jurisdiction) as an element of the proof of her case. Arnona v. Arnona, 477 So.2d 120 (La.App. 4th Cir.), writ denied, 479 So.2d 367 (La.1985). CONTRA: Miller v. Borne, 496 So.2d 1084 (La.App.4th Cir. 1986), writ denied, 501 So.2d 207 (La.1987). The plaintiff herein has failed to do so. Because the plaintiff has failed to allege or prove the amount in dispute (subject matter jurisdiction) in the City Court of Slidell, the judgment of eviction rendered herein is void. La.C.C.P. art. 3.
There is a practical reasons for requiring a plaintiff in an eviction proceeding in a court of limited jurisdiction to allege or prove the amount in dispute basis for the subject matter jurisdiction of the court. If this basis for subject matter jurisdiction is not alleged or proved, and the defendant does not raise the issue, and thereafter judgment is rendered against the defendant, the defendant can still attack the judgment on the grounds of lack of subject matter jurisdiction in an action of nullity. La.C.C.P. art. 2002(3); Official Revision Comment (f) for La.C.C.P. art. 2002. If the plaintiff has the burden of asserting this element of subject matter jurisdiction and there is a question about it, it can be disposed of prior to trial on the merits, rather than in an action of nullity after trial and judgment.
Pursuant to La.C.C.P. art. 2164, this court has the authority to render any judgment which is just, legal and proper. We can remand a case for introduction of additional evidence to prevent a miscarriage of justice. Watts v. Watts, 552 So.2d 738 (La.App. 1st Cir.1989). Generally, lawsuits should be decided on their merits and not on technical rules of procedure. Maddens Cable Service, Inc. v. Gator Wireline Services, Ltd., 509 So.2d 21 (La.App. 1st Cir.1987). The procedural rule controlling the issue in this assignment of error is technical and de novo in this circuit. In this procedural posture, we believe the interest of justice requires a remand for taking additional evidence, rather than a dismissal of the action. Cf. Peters v. Fonville, 67 So.2d 331 (La.App. 2nd Cir.1953); Hooper v. Harper, 37 So.2d 566 (La.App. 2nd Cir.1948). Since the plaintiff has not alleged her "viewpoint" as to the good faith amount in dispute in her pleadings, she will have the burden of introducing appropriate evidence to show that the City Court of Slidell has subject matter jurisdiction over this eviction proceeding.
This assignment of error has merit.

CAUSE OF ACTION

(Assignment of error 2)
Hirschfeld contends the plaintiff's eviction rule to show cause does not state the ground upon which eviction is sought as required by La.C.C.P. art. 4731, and, thus, fails to state a cause of action for eviction.
*227 Hirschfeld did not file a peremptory exception raising the objection of no cause of action in the trial court or in this court. However, this court can notice an objection of no cause of action on its own motion. La.C.C.P. art. 927. La.C.C.P. art. 4731 provides that "[T]he rule to show cause shall state the grounds upon which eviction is sought." (Emphasis added). A review of the eviction rule to show cause herein shows that it does not "state the grounds upon which eviction is sought." Since the rule does not state a ground to support an eviction proceeding, it does not state a cause of action. Because the ground of the objection can be removed by amendment of the eviction rule to show cause, the plaintiff is ordered on remand to make an appropriate amendment within ten days after the judgment herein becomes executory. La.C. C.P. art. 934.
This assignment of error has merit.

DECREE
For the foregoing reasons, the judgment of eviction rendered herein is declared void and is set aside. This proceeding is ordered remanded to the trial court for a retrial of the merits. The plaintiff is ordered to amend the eviction rule to show cause to state the grounds upon which the eviction is sought within ten days after this judgment becomes executory. At the retrial of this case, the plaintiff shall have the burden of proving that the good faith amount in dispute is within the subject matter jurisdiction of the trial court. The plaintiff is cast for the cost of this appeal. All other costs shall be assessed in a final judgment on the merits in the trial court.
JUDGMENT VACATED AS VOID; REMANDED FOR RETRIAL WITH INSTRUCTIONS.
NOTES
[1] The original plaintiff was Carol Holley St. Pierre who claimed an undivided one-third interest in the premises. At the trial she produced powers-of-attorney from her co-owners, Thomas Dean Laurence and Chester Lynn Holley. However, Thomas D. Laurence attended the trial. The trial court judgment was rendered in favor of "Carol Holley St. Pierre, et al".
[2] La.C.C.P. art. 4847(A)(1) provides as follows:

A. Except as otherwise provided by law, a parish court or city court has no jurisdiction in any of the following cases or proceedings:
(1) A case involving title to immovable property.
However, see Ward-Steinman v. Karst, 465 So.2d 227 (La.App. 3rd Cir.1985); Ward-Steinman v. Karst, 465 So.2d 225 (La.App. 3rd Cir. 1985); Estate of Boudreaux v. Verdin, 438 So.2d 1147 (La.App. 1st Cir.1983); J. Johnson, A Basic Louisiana Notary Guide, § 4.1, pp. 75-76 (1985).
[3] Had the plaintiff alleged subject matter jurisdiction in her pleadings, the burden would have shifted to the defendant to come forward with allegations and/or proof to the contrary. La.C. C.P. arts. 925(6) and 930; Official Revision Comments for La.C.C.P. art. 930.