633 So.2d 311 (1993)
MEDX, INC. d/b/a MEDX, Inc. of Florida
v.
Paul H. TEMPLET, in his Official Capacity as Secretary of the Department of Environmental Quality, State of Louisiana.
No. 93 CA 0077.
Court of Appeal of Louisiana, First Circuit.
November 24, 1993.
Rehearing Denied January 26, 1994.
Writ Denied April 7, 1994.
*312 Tom W. Thornhill, Slidell, for plaintiff-appellee MEDX, Inc.
Harry B. Ward, Baton Rouge, for defendant-appellant State of La., and Kai D. Midboe, in his capacity as Secretary of the Dept. of Environmental Quality.
Terry E. Allbritton, Tulane Law School, New Orleans, for amici curiaeLeague of Women Voters.
Before EDWARDS, CRAIN and LeBLANC, JJ.
LeBLANC, Judge.
This appeal is taken from a district court judgment granting a mandamus and injunctive relief based on the court's finding that DEQ acted improperly in denying a medical waste permit to MEDX, Inc. We reverse, finding the district court lacked jurisdiction to render the judgment.

FACTS
In April of 1989, MEDX submitted an application to the Department of Environmental Quality (DEQ) for a infectious waste incinerator permit. After receiving a "notice of deficiencies" from DEQ in response, MEDX submitted all necessary information. In April of 1990, DEQ notified MEDX by letter that the application was acceptable for public review.
In January of 1992, MEDX filed a petition seeking a writ of mandamus in the 19th Judicial District Court, naming Paul Templet, Secretary of DEQ, as defendant. MEDX alleged therein that DEQ had failed to act on the permit application MEDX had submitted on April 3, 1989 and had failed to promulgate rules and regulations for the permitting of medical waste disposal facilities as mandated in La.R.S. 30:2154(C)(4). MEDX sought a writ of mandamus ordering DEQ to rule on its permit application and to promulgate regulations dealing with medical waste permits.
On May 5, 1992, Kai David Midboe, the new Secretary of DEQ, issued a letter denying MEDX's permit application for a medical waste incinerator. The following reason was given for the denial of the permit: "[DEQ] has determined that the currently permitted medical waste facilities provide adequate capacity to meet the needs of the State of Louisiana and that permitting additional capacity would not be consistent with R.S. 30.2179 (sic). Therefore, a permit for the referenced proposed medical waste facility is hereby denied."
The district court signed a judgment on May 6, 1992 (apparently without knowledge of DEQ's denial of the permit), ordering DEQ to issue a decision on MEDX's permit application within fifteen days. The court further ordered DEQ to promulgate rules and regulations establishing procedures for the review of permit applications for medical waste facilities within ninety days or show good cause why it had failed to do so. This judgment was not appealed.
On May 15, 1992, MEDX filed an amended and supplemental petition for a writ of mandamus and a request for injunctive relief. In its amended petition, MEDX alleged that DEQ had refused to comply with the trial court's May 6th judgment because the May 5th denial of MEDX's permit was based on the capacity limitation statute (30:2179) rather than on the merits of the permit application. The district court issued a TRO providing as follows: "[DEQ] is temporarily restrained from enforcing [its] determination issued on or about May 5, 1992, wherein [it] refuses to issue a decision on the permit application of MEDX, Inc., and all appeal delays established by law with respect to said determination of the D.E.Q., are hereby stayed...."
Thereafter, on May 22, 1992, MEDX sent a letter to DEQ requesting a hearing on the *313 permit denial, pursuant to La.R.S. 30:2024 A. MEDX indicated in the letter that, while it felt this appeal was unnecessary because the district court had jurisdiction in this matter, it was nevertheless requesting the hearing as a protective measure. MEDX additionally asked that all action on its hearing request be stayed pending further action in the district court proceedings.[1] On May 29, 1992, DEQ granted MEDX's request for a hearing.
DEQ then filed a motion to dissolve the TRO, arguing it had complied with the original May 6th order requiring it to act on MEDX's permit application. In addition, DEQ noted that MEDX had filed a request for an administrative hearing on the denial of the permit pursuant to the procedural requirements set forth in La.R.S. 30:2024 A, and DEQ had granted the request. DEQ also filed several exceptions to the amended petition for mandamus, including an exception raising the objection of lack of subject matter jurisdiction.
After a hearing on MEDX's amended petition for mandamus/injunction, the district court issued written reasons for judgment stating:
This Court believes that considering the sudden timing of the denial [of MEDX's permit application] coupled with all of the prior delays by the DEQ in considering the application on the merits, the decision by the DEQ secretary on May 6, 1992 was not a `good faith' decision and consequently, did not satisfy the Court's Order in requiring that a decision be made.
. . . . .
This Court determines that each of the exceptions filed by DEQ are specifically overruled. Further, the Court holds that the denial of MEDX's application was made in bad faith and as such, was arbitrary, capricious and unreasonable warranting the issuance of injunctive relief. The Court mandates and orders that the DEQ shall conduct a meaningful hearing as promised in its April 18, 1990, letter to MEDX within 30 days from this date.
In accordance with these reasons, the district court signed a judgment on September 21, 1992, ordering that:
[T]he action of the defendant, Department of Environmental Quality, in its denial letter of May 5, 1992, relying upon the provision of La.R.S. 30:2179 as a basis for refusing to process the permit application of MEDX, is hereby permanently enjoined.
The judgment also overruled DEQ's exceptions and granted a writ of mandamus ordering DEQ to "conduct a meaningful hearing on the permit application" within thirty days.
DEQ has now appealed this judgment, alleging the district court erred: 1) in finding the denial of MEDX's permit application to have been arbitrary, capricious and in bad faith; 2) in finding La.R.S. 30:2179 inapplicable to medical waste facilities; and, 3) in overruling DEQ's exceptions to MEDX's supplemental petition. We reverse, finding merit in DEQ's exception of lack of subject matter jurisdiction.
DEQ denied MEDX's permit application on May 5, 1992. Thus, at the time that the district court ordered DEQ to act on MEDX's application, DEQ had already done so, although the court apparently was not informed of this fact. The district court's September 21, 1992 judgment, finding that DEQ's denial was arbitrary and in bad faith, that DEQ should hold a meaningful hearing on the application, and that the statutory basis for DEQ's action was improper, dealt with issues which properly should have been considered upon review of DEQ's determination.[2] Although MEDX requested relief, and the district court granted it, in the form of a mandamus and an injunction, the district court's judgment essentially constituted a review of the denial of MEDX's permit application. We find that the district court lacked subject matter jurisdiction to render the September *314 21st judgment for the following reasons.
Subject matter jurisdiction is the legal power and authority of a court to hear and determine a particular class of actions or proceedings. La.C.C.P. art. 2; St. Pierre v. Hirschfeld, 569 So.2d 222, 224 (La.App. 1st Cir.1990). Jurisdiction over the subject matter cannot be conferred by consent of the parties.[3] La.C.C.P. art. 3; St. Pierre, 569 So.2d at 224. A judgment rendered by a court without subject matter jurisdiction is void. Id.
The issuance of environmental permits is a power the Legislature has authorized DEQ to exercise. La.R.S. 30:2011 et seq. DEQ's determinations on permit applications are not "civil matters" within the meaning of La. Const. art. V, § 16(A), which grants exclusive original jurisdiction to district courts in all civil matters.[4]Matter of American Waste & Poll. Control, 588 So.2d 367, 373 (La.1991). Therefore, district courts do not have original jurisdiction in such matters. Id. Thus, the district court had no jurisdiction in this case to render the September 21st judgment under its constitutional grant of original civil jurisdiction.
In fact, judicial review of an administrative agency is an exercise of a court's appellate jurisdiction rather than its original jurisdiction. Id. However, the district court in the present case also lacked appellate jurisdiction over the action taken by DEQ on MEDX's permit application. The procedure for appellate review of DEQ permit actions is delineated in La.R.S. 30:2024, which at the time in question[5] provided:
A. Any enforcement or permit action shall be effective upon issuance unless a later date is specified therein. Such action shall be final and shall not be subject to further review unless, no later than twenty days after the notice of the action is served by certified mail or by hand upon the respondent, he files with the secretary a request for hearing. Upon timely filing of the request, the secretary shall either grant or deny the request within twenty days. If the request for hearing is granted, the issues raised in the request shall be resolved by an adjudicatory hearing before a hearing officer. Any appeal from a final decision of the secretary shall be in accordance with the provisions of R.S. 30:2024(C). If the request for hearing is denied, or the secretary does not act on the request within twenty days after the timely filing, the respondent shall, within twenty days from the denial or the lapse of the period for the secretary to act, be entitled to file an application for de novo review of the secretary's action in the Nineteenth Judicial District Court for the parish of East Baton Rouge.
* * * * * *
C. Any person aggrieved by a final decision or order of the secretary may appeal therefrom to the Court of Appeal, First Circuit, if a motion for an appeal is filed with the secretary within thirty days after the final decision or order is served upon the respondent. Any preliminary, procedural, or intermediate ruling or decision by the secretary is subject to the supervisory jurisdiction of the appellate court as provided by Article V, Section 10 of the Constitution of Louisiana. (Emphasis added).
In the present case, the granting of MEDX's request for a hearing pursuant to La.R.S. 30:2024 A meant that DEQ had the authority to review its initial decision on the permit application.[6] Thereafter, appellate *315 jurisdiction rests with this Court to review DEQ's decision, in the event an appeal should be taken therefrom. La.R.S. 30:2024 A and C; Also see, Matter of American Waste & Poll. Control, 588 So.2d at 373. The district court would have acquired appellate jurisdiction over DEQ's action on MEDX's permit application only if DEQ had denied MEDX's hearing request or had failed to act timely thereon, neither of which occurred herein. La.R.S. 30:2024 A; See, Matter of Am. Waste & Pollution Control, 597 So.2d 1125, 1127-28 (La.App. 1st Cir.), writs denied, 604 So.2d 1309 and 1318 (1992).
For the above reasons, we find the district court erred in overruling DEQ's exception raising the objection of lack of subject matter jurisdiction. Accordingly, we hereby vacate and set aside the judgment rendered on September 21, 1992, since the district court lacked subject matter jurisdiction. MEDX is to pay all costs of this appeal.
JUDGMENT VACATED AND SET ASIDE.
NOTES
[1] Although MEDX alleges in brief that the DEQ review proceedings were stayed pursuant to its request, the record does not contain a stay order.
[2] We note that the district court's conclusions were easily understandable given the timing of DEQ's action on MEDX's application and DEQ's extensive delays in this matter. However, we pretermit consideration of these conclusions in light of our finding that subject matter jurisdiction was lacking.
[3] In brief, MEDX argues that there is no merit to DEQ's exception of lack of subject matter jurisdiction because DEQ "submitted" to the jurisdiction of the district court. The fallacy in MEDX's argument is the assumption that a court can acquire jurisdiction, by the parties submission thereto. As noted above, subject matter jurisdiction can not be conferred by consent.
[4] Except as otherwise provided by law for administrative agency determinations in worker's compensation matters.
[5] La.R.S. 30:2024 was amended by Act No. 567 of 1993; none of the amendments thereto are relevant in this case.
[6] Considering the extensive length of time MEDX's permit application has been pending and DEQ's already protracted delays in acting on the application, we believe fairness requires DEQ to expedite the review proceedings now pending before it.