McClendon, j.
li>A store patron appeals a summary judgment dismissing his suit for alleged injuries sustained when he fell from a lawn tractor. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On April 18, 2012, Benjamin Tomaso visited the Home Depot store located on Northshore Boulevard in Slidell, Louisiana. Mr. Tomaso parked his vehicle near the main entrance to the store, while his fiancée entered the store to return an item. Mr. Tomaso noticed lawn tractors near the store entrance, so he exited his vehicle and sat on one of the lawn tractors to “check it out.”
According to Mr. Tomaso, a Home Depot employee who was pushing a line of shopping carts back to the store’s entrance requested that Mr. Tomaso get off of the lawn tractor because there was insufficient room to push the carts between Mr. Toma-so’s parked vehicle and the tractor. As Mr. Tomaso attempted to get off the lawn tractor, he fell. At the time he fell, Mr. Tomaso was not sure what caused him to fall. After he fell, Mr. Tomaso noticed a small zip tie present on the footplate, or deck access panel, of the lawn tractor. Mr. Tomaso indicated that the zip tie was the “only thing” that could have caused him to fall.
On April 17, 2013, Mr. Tomaso filed suit against Home Depot, U.S.A., Inc., alleging that his “foot was snagged by a .hazard ... that had negligently not been removed from the subject lawnmower,” which caused him extensive injuries.
On December 9, 2013, Home Depot filed a motion for summary judgment. Home Depot asserted that the zip tie was not a defective condition or otherwise inherently dangerous. Home Depot also asserted that Mr. Tomaso presented no evidence that any injury resulting from a zip tie was foreseeable or that Home Depot should have known that an injury could occur. Home Depot further urged that Mr. Toma-so could not prove causation because he was not sure what caused him to fall, but once he saw the zip tie, he considered that the only possible explanation.
| sAfter two continuances and to allow the taking of additional discovery, the trial court heard Home Depot’s motion for summary judgment on May 19, 2014. Following the hearing, the trial court granted Home Depot’s motion and dismissed plaintiffs action against Home Depot.
Mr. Tomaso has appealed, assigning the following as error:
1. The Trial court erred in finding Ap-pellee was not negligent for failure to remove zip ties from the lawnmower(s) before allowing Appellant (patrons) to climb on the lawnmower(s) for inspection.
2. The Trial court erred in finding the negligently left zip tie on the lawnmower was not a hazard.
3. The Trial court erred in finding that the negligently left zip tie on the lawnmower was not an unreasonable risk of harm.
4. The Trial court erred in finding that Appellee’s supervisor employee was not negligent in ordering Appellant to immediately alight the lawnmower without warning Appellant of the *681 negligent hazardous zip tie as he was alighting from the lawnmower.
DISCUSSION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2). The burden of proof to show that no material factual issue exists is on the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial, the mover is not required to ne-. gate all essential elements of the adverse party’s claim. Rather, the mover must point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of |4proof at trial, there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(2).
An appellate court reviews a trial court’s decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material, for purposes of summary judgment, can be seen only in light of the substantive law applicable to the case. Gaspard v. Graves, 05-1042 (La.App. 1 Cir. 3/29/06), 934 So.2d 158, 160, writs denied, 06-0882, 06-0958 (La.6/16/06), 929 So.2d 1286, 1289.
Although Mr. Tomaso has not specified which substantive law he believes is controlling under the circumstances herein, Home Depot asserts that the merchant liability statuté, LSA-R.S. 9:2800.6, is controlling. Under that statute, a merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage. LSA-R.S. 9:2800.6(A); ■ In a negligence claim brought against a merchant for damages as a result of injury, death, or loss sustained because of a fall due to a condition existing oh a merchant’s premises, the claimant shall have the burden of proving, in-addition to all other elements of his cause of action, all of the following:
(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise , reasonable care.
LSA-R.S. 2800.6(B).
IfiWe also note that LSA-C.C. art. 2317.1 is relevant under these specific *682 facts. This article addresses premises liability, and provides in pertinent part:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.
For liability to attach under Louisiana Civil Code article 2317.1, the plaintiff has the burden of proving that: (1) the property which caused the damage was in the “custody” of the defendant; (2) the property had a condition that created an unreasonable risk of harm to persons on the premises; (3) the unreasonably dangerous condition was a cause in fact of the resulting injury; and (4) the defendant had actual or constructive knowledge of the risk. See Vinccinelli v. Musso, 01-0557 (La.App. 1 Cir. 2/27/02), 818 So.2d 163, 165, writ denied, 02-0961 (La.6/7/02), 818 So.2d 767.
Here, Mr. Tomaso contends that the' trial court erred in granting summary judgment in favor of Home Depot. Mr. Tomaso asserts that Home Depot was negligent in that it failed to remove the zip tie from the lawn tractor prior to it being placed on display. Mr. Tomaso contends that there is a serious dispute as to whether the zip tie, which he asserts is not readily apparent, created a hazard. Mr. Tomaso asserts that the four-factor risk-utility balancing test, which is used to assist the trier of fact in determining whether a defect is unreasonably dangerous, all weigh in his favor such that summary judgment should not have been granted.[1]
Although Mr. Tomaso focuses on whether the zip tie was unreasonably dangerous, he has presented no evidence to suggest that Home Depot had knowledge or notice of that danger or risk of harm prior to his accident. In opposition to Home Depot’s motion for summary judgment, Mr. Tomaso |r,introduced deposition excerpts of Jason Simmons, an assistant store manager who had been employed by Home Depot for eight years. In his deposition, Mr. Simmons testified that the zip tie is placed on the lawnmower by the manufacturer, not Home Depot, to secure the deck access panel during transit. According to Mr. Simmons, the customer usually removes the zip tie after the lawnmower reaches its eventual destination after purchase. Mr. Simmons also indicated that the zip tie’s loop is on the bottom and the only thing that protrudes is the stem that is left over. Mr. Tomaso does not indicate how or why the zip tie itself would place Home Depot on notice that it was unreasonably dangerous.
Further, in support of its motion, Home Depot attached the affidavits of Mr. Simmons and Tony Arroyo, an associate who worked in the garden department and who had been employed by Home Depot for eight years. Mr. Simmons and Mr. Arroyo both attested that they had never heard of, witnessed, or taken an incident report where a customer tripped on a zip tie connected to a lawn tractor on display. Moreover, both also attested that they had never heard of, witnessed, or taken an incident report where a customer fell from *683 a lawn tractor on display. Mr. Tomaso, in opposition, presented no evidence to show that he would be able to meet his burden of proof at trial that Home Depot had actual or constructive knowledge of the risk posed by the zip tie.
While the applicability of the merchant liability statute might be questioned given that the accident did not arise from Home Depot’s failure to specifically keep its aisles, passageways, and floors in a reasonably safe condition, summary judgment is nonetheless appropriate under either LSA-R.S. 9:2800.6 or LSA-C.C. art. 2317.1 insofar as there is no evidence to suggest that Home Depot had knowledge of a danger or risk of harm prior to Mr. Tomaso’s accident, which is required under either theory of recovery. Cf. Parsons v. Sholand, LLC, 13-2217 (La.App. 1 Cir. 8/29/14), 2014 WL 4317786 (unpublished) (a panel of this court applied LSA-C.C. art. 2317.1 to a restaurant patron’s claim that he was injured by a chair that collapsed in a restaurant) and Mayes v. Wausau Underwriters Ins. Co., 12-465 (La.App. 3 Cir. 12/12/12), 104 So.3d 785 (the court found that LSA-R.S. 9:2800.6 applied to á patron’s claim that he was injured by a chair that collapsed in the waiting area of an auto repair shop).
Further, Mr. Tomaso testified that at the time of the accident, he was not “a hundred percent sure” what he tripped on. After falling, Mr. Tomaso learned of the presence of the zip tie and believed that the zip tie was “the only thing” that could have caused his fall. Essentially, Mr. To-maso was not sure what caused him to fall, but once he saw the zip tie, he considered that to be the cause. However, speculation as to what caused an accident cannot supply the factual support necessary to show that a plaintiff would be able to meet his evidentiary burden of proof at trial. Reed v. Home Depot U.S.A., Inc., 37,000 (La.App. 2 Cir. 4/9/03), 843 So.2d 588, 591, writ denied, 03-1638 (La 10/10/03), 855 So.2d 345 (citing Babin v. Winn-Dixie La. Inc., 00-0078 (La.6/30/00), 764 So.2d 37, 40).
Although Mr. Tomaso contends that the zip tie created an unreasonable risk of harm, there is no evidence to suggest that Home Depot had knowledge of a danger or risk of harm prior to Mr. Tomaso’s accident. Also, Mr. Tomaso has failed to establish that he will be able to meet his burden of proof at trial to show that the zip tie caused his fall. Thus, we Find no merit in Mr. Tomaso’s assignments of error.
CONCLUSION
For the foregoing reasons, we affirm the May 19, 2014 judgment granting Home Depot’s motion for summary judgment. Costs of this appeal are assessed to appellant, Benjamin Tomaso.
AFFIRMED.

. The factfinder should consider four pertinent factors in determining whether a defect is unreasonably dangerous: (1) the utility of the complained-of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost of preventing the harm; and (4) the nature of the plaintiffs activities in terms of its social utility or whether it is dangerous by nature. Broussard v. State ex rel. Office of State Bldgs., 12-1238 (La.4/5/13), 113 So.3d 175, 184.