THERIOT, J.
12This appeal is from a summary judgment in a slip and fall case dismissing the claims against one defendant. We affirm.
FACTS AND PROCEDURAL HISTORY
On June 21, 2009, as llene Murriel Peters stepped down from the concrete pedestrian walkway outside of the Bogalusa Community Medical Center to the adjoining asphalt surface, her foot struck an exposed brick adjacent to a drain, causing her to trip and fall. Ms. Peters filed suit for her injuries against Bogalusa Community Medical Center, Board of Supervisors of Louisiana State University and Agricultural and Mechanical College (“BCMC”) and the City of Bogalusa.
BCMC filed a motion for summary judgment claiming that it was not the owner of, and did not have custody or control over, the location of the defective condition, and therefore could not be held liable. The court granted summary judgment dismissing the claims against BCMC, and this appeal by the City of Bogalusa followed.
DISCUSSION
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. All Crane Rental of Georgia, Inc. v. Vincent, 10-0116, p. 4 (La.App. 1 Cir. 9/10/10), 47 So.3d 1024, 1027, writ denied, 10-2227 (La.11/19/10), 49 So.3d 387. A motion for summary judgment should only be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that the movant is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(B).
*540 |3The burden of proof on a motion for summary judgment remains with the mov-ant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. La. C.C.P. art. 966(C)(2). Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. Pugh v. St. Tammany Parish School Board, 07-1856, p. 2 (La.App. 1 Cir. 8/21/08), 994 So.2d 95, 97 (on rehearing), writ denied, 08-2816 (La.11/21/08), 996 So.2d 1113; see also La. C.C.P. art. 967(B).[1]
In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court’s determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751, p. 5 (La.App. 1 Cir. 6/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Because it is the | .¡applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to this case. Walker v. Phi Beta Sigma Fraternity (Rho Chapter), 96-2345, p. 6 (La. App. 1 Cir. 12/29/97), 706 So.2d 525, 528.
We are responsible for the damage occasioned by things which we have in our custody. La. C.C. art. 2317. However, in a suit against a public entity for damage caused by the condition of a thing within its care and custody, the plaintiff cannot prevail unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so. La. R.S. 9:2800(C).
“Custody” of a thing for which an owner is answerable for damages occasioned by its defect, distinct from ownership, refers to a person’s supervision and control over a thing. Alford v. Home Insurance Company, 96-2430 (La.App. 1 Cir. 11/7/97), 701 So.2d 1375, 1377. The test for whether a defendant has custody over a thing so as to impose liability on the defendant for defects or damage caused by it is whether the defendant has a right of direction and control over the thing and what, if any, benefit the defendant derives from the thing. Doughty v. Insured Lloyds Ins. Co., 576 So.2d 461, 464 (La.1991).
In support of the motion for summary judgment, BCMC offered the deposition testimony of the City of Bogalusa’s Public Works Director, James Hall, that the location of the accident was not owned by BCMC and was within the City of *541 Bogalusa’s servitude. Mr. Hall also testified that the City of Bogalusa, not BCMC, was responsible for maintaining the area in [.¡¡which the plaintiff fell. BCMC’s motion for summary judgment pointed out an absence of factual support for an essential element of the plaintiffs claim against it; i.e., that it had ownership or custody of the defective thing. In response, the City of Bogalusa filed the affidavit of their Public Works Director, Mr. Hall, which stated that “upon information and belief, the Bo-galusa Medical Center had the right-of-way in question painted, striped, and marked for individual parking spaces so that the area could be used [as] a parking lot for the patients and visitors of the Bogalusa Medical Center.” Also in the record on the motion for summary judgment was the deposition of Beverly Sheridan, BCMC’s Education, Safety, and Facility Director responsible for facilities management. Ms. Sheridan testified that she did not know who painted the lines for the parking spaces in the City of Bogalu-sa’s right of way, but BCMC did not maintain that area.
In support of its argument that BCMC had control over the area in question, the City of Bogalusa relies on the presence of the striping painted over the area. It is undisputed that the City of Bogalusa did not paint the stripes. The only testimonial evidence to support that BCMC painted those lines is the statement in Hall’s affidavit to that effect and based upon “information and belief.” That statement is not sufficient to satisfy the requirement that he have “personal knowledge” of the matters set forth in the affidavit. La. C.C.P. art. 967(A); Lake Superior Piling Co., Inc. v. Mobile Oil Corp., 502 So.2d 581 (La.App. 1 Cir.1987). Therefore, that statement cannot be considered in opposition to the motion for summary judgment. La. C.C.P. art. 967(A); Vermilion Corp. v. Vaughn, 397 So.2d 490, 493 (La.1981); Robertson v. Doug Ashy Bldg. Materials, Inc., 10-1552 (La.App. 1 Cir. 10/4/11), 77 So.3d 339, 350, n. 15, writs not considered or | fidenied, 11-2432 (La.1/13/12), 77 So.3d 974; 11-2468 (La.1/13/12), 77 So.3d 972; 11-2430 and 11-2433 (La.1/13/12), 77 So.3d 973.
It is uncontested that (1) the City of Bogalusa is the owner of the area, (2) the City of Bogalusa is responsible for maintaining the area, and (3) BCMC does not maintain the area.
The City of Bogalusa offered no credible evidence that BCMC derives a benefit from the area that is not also available to the public in general. See Quinn v. RISO Investments, Inc., 03-0903 (La.App. 4 Cir. 3/3/04), 869 So.2d 922, 929, writ denied, 04-0987, p. 9 (La.6/18/04), 876 So.2d 808 (sidewalk adjacent to owner’s property was available for public use). Given those undisputed facts, we hold that the City of Bogalusa failed to present sufficient evidence to show that it could meet its burden of proving at trial that BCMC had legal custody of the area.
Based upon the evidence before the court on the motion for summary judgment, there is no genuine issue of material fact as to whether BCMC had the right of direction or control over the area where the plaintiff fell. Therefore, summary judgment dismissing the claims against BCMC is appropriate.
CONCLUSION
The summary judgment dismissing the claims against BCMC is affirmed. Costs of this appeal in the amount of $1,680.80 are assessed to appellant, the City of Bo-galusa.
AFFIRMED.

. Louisiana Code of Civil Procedure article 967(B) provides:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.