MONICA ANDERSON

VERSUS

CITY OF KENNER AND THE PARISH OF
JEFFERSON AND XYZ INSURANCE
COMPANY

NO. 19-CA-346

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 731-349, DIVISION "L"
HONORABLE DONALD A. ROWAN, JR., JUDGE PRESIDING

November 27, 2019

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Marc E. Johnson,
Stephen J. Windhorst, and John J. Molaison, Jr.

<u>**AFFIRMED**</u>
**MEJ**
**SJW**
**JJM**

COUNSEL FOR PLAINTIFF/APPELLANT,
MONICA ANDERSON
    Brian E. Sevin, Sr.
    Christopher J. Stahulak

COUNSEL FOR DEFENDANT/APPELLEE,
THE CITY OF KENNER
    C. A. Fleming, III

**JOHNSON, J.**

Plaintiff-Appellant Monica Anderson appeals the granting of summary judgment in favor of Defendant, City of Kenner. For the following reasons, we affirm the trial court's judgment.

*FACTS AND PROCEDURAL HISTORY*

One late afternoon in September of 2012, Plaintiff-Appellant, Monica Anderson, arrived at Galatas Playground in Kenner, Louisiana with her daughter to attend her granddaughter's sporting event. Ms. Anderson's daughter parked her vehicle in the parking lot adjacent to the playground. Ms. Anderson and her daughter were talking as Ms. Anderson exited the vehicle and entered the walkway between the parked cars and the playground gate. As they were making their way to the sporting event, Ms. Anderson tripped and fell on a piece of metal rebar protruding from a concrete wheel stop.

On September 24, 2013, Ms. Anderson filed a suit for damages against the City of Kenner, the Parish of Jefferson, and XYZ Insurance Company, alleging negligence due to failure to properly maintain the parking lot area, failure to warn of the danger of the protruding rebar, and "failure to act with the required degree of care commensurate with the existing conditions."

In September, 2017, the trial court granted Plaintiff Ms. Anderson's unopposed motion to dismiss the Parish of Jefferson with prejudice.

The City of Kenner filed a Motion for Summary Judgment on June 19, 2018. Attached to the memorandum were excerpts from Ms. Anderson's May 3, 2018 deposition. The City of Kenner noted that Ms. Anderson stated in her deposition that the incident took place around 4 or 5 p.m., that it was still daylight, that the portion of the rebar sticking out was approximately 16 inches long, and that she would have seen the rebar if she had looked. The City of Kenner urged that it was

19-CA-346                                  1

immune from liability because Ms. Anderson was on the premises for recreational purposes, the 16-inch rebar was an avoidable and foreseeable hazard, and the City had no duty to warn of such a potentially dangerous condition.

Plaintiff filed a memorandum in opposition to summary judgment on July 13, 2018. Plaintiff argued that Kenner was not immune from liability under the Recreational Use Statute ("RUS") because of the City's "absolute gross and willful negligence" and that the protruding rebar was not open and obvious. Plaintiff also claimed that RUS did not apply when public land used for any purpose not related to recreational use. Plaintiff submitted pictures of the cement wheel stop before and after the protruding rebar was removed, and pictures depicting cars parked at the parking lot when no recreational use of the playground was apparent. Ms. Anderson also filed an affidavit on July 13, 2018 swearing that she observed the parking area not being used by playground visitors on numerous occasions and that the public and area residents use the parking area when there are no recreational activities.

Kenner filed another Motion for Summary judgment on December 14, 2018. Kenner averred that there was no genuine issue of material fact and that Plaintiff sued the wrong defendant, as the adjacent land, including the parking lot and tennis courts, were actually owned and operated by Driftwood Country Club, Inc. ("Driftwood").[1] Plaintiff filed Supplemental and Amending Petition for Damages on January 19, 2019, adding Driftwood as a defendant. Plaintiff also filed an additional Opposition to Motion for Summary Judgment on January 22, 2019. Plaintiff countered that Kenner was strictly liable because Kenner exercised care, control and custody of the parking lot as evidenced by city personnel's response to

---

[1] Defendant submitted Affidavit of Chad M. Pitfield, Director of the Kenner Parks and Recreation Department, affirming that Galatas Park is a recreational baseball park and gymnasium maintained and managed by the City of Kenner, and that the adjacent land including the parking lot and tennis courts belonged to Driftwood Park Country Club.

19-CA-346                                    2

the accident; specifically, city workers immediately came to Plaintiff's aid and secured the area where she fell.

On January 28, 2019, the trial court heard the motion for summary judgment. The trial court granted Kenner's motion and dismissed the Plaintiff's claims and demands against Kenner at the Plaintiff's cost. Plaintiff filed this devolutive appeal in response to the trial court's judgment.

*LAW AND ANALYSIS*

Plaintiff alleges the trial court legally erred in granting summary judgment in favor of the City of Kenner on the basis that the City did not have *garde* over the parking lot where Plaintiff fell.

Appellate courts review a judgment granting or denying a motion for summary judgment *de novo*. *Dillenkoffer v. Marrero Day Care Center, Inc.*, 16-713 (La.App. 5 Cir. 5/24/17); 221 So. 2d 279, 282. A motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue. *Smith v. Our Lady of the Lake Hosp., Inc.,* 93–2512, (La. 7/5/94); 639 So.2d 730, 751. A material fact is one that potentially insures or prevents recovery, affects a litigant's ultimate success, or determines the outcome of the lawsuit. *Id*. Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Stogner v. Ochsner Clinic Foundation*, 18-96, (La.App. 5 Cir. 9/19/18); 254 So.3d 1254.

The party bringing the motion bears the burden of proof; however, if the mover will not bear the burden of proof at trial, the moving party must only point

out that there is an absence of factual support for one or more elements essential to the adverse party's claim. La. C.C.P. art. 966(D)(1). Thereafter, the burden is on the adverse party to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment as a matter of law. *Id.* Once the motion for summary judgment has been properly supported by the moving party, the failure of the adverse party to produce evidence of a material factual dispute mandates the granting of the motion. *Babin v. Winn Dixie La., Inc.* 00-78 (La. 6/30/00); 764 So.2d 37, 40.

Plaintiff claims that Kenner had *garde* over the parking lot and therefore was strictly liable under La. C.C. art. 2317.[2] "The *garde* is the obligation imposed by law on the proprietor of a thing, or on one who avails himself of it, to prevent it from causing damage to others. The things in one's care are those things to which one bears such a relationship as to have the right of direction and control over them, and to draw some kind of benefit from them." *King v. Louviere*, 543 So.2d 1327, 1339 (La. 1989). "Under most circumstances ownership alone establishes the requisite benefit, control and authority to find *garde*." *Doughty v. Insured Lloyds Insurance Co.,* 576 So.2d 461, 464 (La. 1991).

> In determining whether a party has a legal relationship with a thing so as to have the right of direction and control over it, courts have looked to a variety of factors, including whether the party has the right to use, alienate, encumber, or lease the thing, or otherwise grant a right of use to others; whether the party has the right to authorize alterations or repairs to the thing, and whether the party has an unfettered right to access the thing at will, versus only a limited access to enter.

*In re FEMA Trailer Formaldehyde Products Liability Litigation,* 838 F.Supp.2d 497,

---

[2] La. C.C. art. 317 states, "We are responsible, not only for the damage occasioned by our own act, but for that which is caused by the act of persons for whom we are answerable, or of the things which we have in our custody."

512 (E.D. La. 2012) citing *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1368 (La. 1992).

Although it is presumed that an owner has custody or control of its property, this presumption is rebuttable. *Vail v. Schiro Brothers Shoe Store, Inc.*, 16-47 (La.App. 5 Cir. 5/12/16); 193 So.3d 342, 347.

> [A] court must look to "(1) whether the person bears such a relationship as to have the right of direction and control over the thing; and (2) what, if any, kind of benefit the person derives from the thing." ... Nevertheless, control and direction are not enough to establish custody, care, or *garde* and to rebut the presumption of *garde* arising from ownership or the understanding that guardianship of a thing from which liability arises rests with the owner until such time as it is transferred to another. To establish *garde*, the record must show what benefit the [Defendant] received.

*Giorgio v. Alliance Operating Corp.,* 05-02 (La. 1/19/06); 921 So.2d 58, 73, 78 (citations omitted).

In *Peters v. Bogalusa Community Medical Center* 12-1777 (La.App. 1 Cir. 5/2/2013); 117 So.3d 538, the plaintiff tripped and fell when her foot struck an exposed brick adjacent to a drain while stepping down from the pedestrian walkway outside of a medical center. Co-defendants, the City of Bogalusa ("Bogalusa"), offered the deposition testimony of the city's Public Works Director that the Bogalusa Community Medical Center ("BCMC") did not own the site where the accident took place, and that the site was in fact part of the city's servitude, and that Bogalusa was responsible for maintaining the area where the plaintiff fell. *Id*. at 540-41. However, Bogalusa also filed an affidavit from their Public Works Director which asserted that upon information and belief, BCMC had the right-of-way in question painted with stripes to mark individual parking spaces in order to use the area as a parking lot for its visitors in attempts to prove that BCMC had *garde* of the parking lot. *Id*. at 541. The Court of Appeal for the Second Circuit found that Bogalusa "offered no credible evidence that BCMC derive[d] a benefit from the area that is not also available to the public in

general." The Second Circuit held that the evidence offered did not show that Bogalusa would meet its burden of proving at trial that BCMC had *garde* of the area where the accident took place, and summary judgment dismissing the claims against BCMC was affirmed. *Id*.

In the case at bar, similar to *Peters*, we find that Kenner did not exercise direction or control over the parking lot or derive any extraordinary benefits from its use. Appellant has offered sworn statements via affidavit that she observed visitors to Galatas Playground events routinely park in that same parking lot, and the City of Kenner vehicles used the parking lot the day of the accident while performing maintenance on a utility box located in the parking area that was marked off with caution tape. The evidence shows that Kenner parked their vehicles at the parking lot when facilitating or participating in activities at Galatas Playground, just as the general public did. Additionally, the Louisiana Supreme Court, as well as this Court and other Circuit Courts have held that an abutting property owner is not liable for injuries caused by defects located on adjoining sidewalks or streets unless the property owner did something to help create the defect and ""where an abutting landowner develops adjacent property and adopts it as his own for private, and not public, use, he may be held strictly liable for defects posing an unreasonable risk of danger located on such property."" *See Thumfart v. Lombard*, 613 So.2d 286, 292 (La.App. 4 Cir 1/21/1993), *writ denied sub nom. Montalbano v. Lombard*, 617 So.2d 1182 (La.1993). See also *Jones v. Gillen,* 504 So.2d 575, 579 - 80 (La.App. 5th Cir.1987). Appellant offered no testimony that established Kenner created the defective condition or adopted the subject parking lot for its own private use.

Also, immediately after her fall, Galatas Playground personnel attended to her needs in that same parking lot and secured the defective area with orange safety cones, without directing or advising that any other party might be

responsible for activities in the area. Although Kenner arguably had custody of the parking lot at the time of the accident and they secured the area to prevent other incidents, Driftwood Park Country Club was the was the only entity who had right of control or the ability to derive any benefit from the structure though the record indicates that neither Appellant or Appellee knew that until recently. *See Anderson v. Tenneco Oil Co.*, 01-0295 (La.App. 4 Cir. 5/22/02); 826 So.2d 1143, 1150.

We find that, upon *de novo* review of the record, Appellant will be unable to meet her evidentiary burden and provide factual support for the assertion that Kenner had custody and control over the subject parking lot, or derived a benefit from the parking lot. Therefore, we find that Kenner is entitled to summary judgment as a matter of law.

## *DECREE*

For the foregoing reasons, we affirm the trial court's summary judgment in favor of the City of Kenner and against Plaintiff.

**AFFIRMED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**NOVEMBER 27, 2019** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL
PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-346

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE DONALD A. ROWAN, JR. (DISTRICT JUDGE)
BRIAN E. SEVIN, SR. (APPELLANT)          C. A. FLEMING, III (APPELLEE)          CHRISTOPHER J. STAHULAK
THOMAS C. CERULLO (APPELLANT)                                                   (APPELLANT)

**MAILED**
NO ATTORNEYS WERE MAILED