KIMBERLY BRYANT

VERSUS

RAY BRANDT DODGE, INC. AND AMTRUST
NORTH AMERICA, INC.

NO. 19-CA-464

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA


ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 787-989, DIVISION "H"
HONORABLE DONALD M. FENDLASON
JUDGE PRO TEMPORE PRESIDING


March 17, 2020


**JUDE G. GRAVOIS**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Jude G. Gravois, and Stephen J. Windhorst


**AFFIRMED**
**JGG**
**FHW**
**SJW**

COUNSEL FOR PLAINTIFF/APPELLANT,
KIMBERLY BRYANT
John W. Redmann
Edward L. Moreno
Travis J. Causey, Jr.
Jonathan E. Ley
Christian A. Galleguillos

COUNSEL FOR DEFENDANT/APPELLEE,
RAY BRANDT DODGE, INC. AND MILFORD CASUALTY INSURANCE
COMPANY
Wayne R. Maldonado

**GRAVOIS, J.**

In this slip-and-fall case, plaintiff/appellant, Kimberly Bryant, appeals a summary judgment granted in favor of defendants/appellees, Ray Brandt Dodge, Inc. and its liability insurer, Milford Casualty Insurance Company, which judgment dismissed plaintiff's claims against defendants with prejudice. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 26, 2018, Kimberly Bryant filed suit against Ray Brandt Dodge, Inc. and its liability insurer, Milford Casualty Insurance Company[1] (collectively, "Ray Brandt"), for damages arising out of a slip-and-fall incident that occurred at the Ray Brandt dealership in Harvey, Louisiana. Ms. Bryant alleged in her petition for damages that on the morning of May 3, 2018, she was walking into the bathroom from the lobby of the dealership when she slipped and fell in a puddle of liquid on the floor. As a result, she allegedly suffered injuries to her neck, shoulder, and back. She alleged that Ray Brandt either created the unreasonably dangerous condition, had actual notice of the unreasonably dangerous condition, or had constructive notice of the unreasonably dangerous condition because it existed for such a period of time that it would have been discovered had Ray Brandt exercised reasonable prudence and care. In the alternative, Ms. Bryant alleged that a defect or vice in the premises owned, operated, controlled by, and under the custody and control of Ray Brandt caused her damages, which could have been prevented had Ray Brandt exercised reasonable care in keeping the premises free from ruin, vice, or defect.[2]

---

[1] The petition improperly referred to Ray Brandt's liability insurer as Amtrust North America, Inc.

[2] In her petition for damages, Ms. Bryant did not make reference to any specific statute or codal articles.

On April 15, 2019, Ray Brandt moved for summary judgment, arguing that Ms. Bryant would be unable to meet her burden of proof under La. R.S. 9:2800.6. Ray Brandt argued that Ms. Bryant cannot prove that it had actual or constructive notice of the substance on the floor prior to the alleged incident. Ray Brandt alleged that Ms. Bryant has no evidence of how the alleged substance got on the floor, how long it had been there, and if Ray Brandt was aware of the alleged substance before she fell.

In support of its motion for summary judgment, Ray Brandt included excerpts from Ms. Bryant's deposition. In her deposition, Ms. Bryant testified that she arrived at the dealership sometime before her 7:00 a.m. appointment to get a recall on her car repaired.[3] She remained in her car until the dealership opened. She then went inside and sat down in the waiting room. Next, she got up, got a cup of coffee, and sat back down. There was one other person, Daniel White,[4] sitting in the waiting room at that time. At approximately 7:05 a.m., Ms. Bryant went to the bathroom, carrying her cup of coffee (that did not have a lid) in her hand and her purse on her shoulder. Upon entering the bathroom, Ms. Bryant testified that she took four or five steps toward the stalls and then slipped and fell onto her back and head. She stated that when she fell, some of the coffee spilled on her and on the floor. She did not recall seeing anything on the floor before she fell. However, when she was on the ground after the fall, she observed seven or eight "puddles of water, like they were drying up like in different spots." She said one would not be able to see the puddles of water unless one was on the ground. She described it as if someone "might have mopped and it was just drying up." When further questioned about the puddles, Ms. Bryant stated:

---

[3] In Ray Brandt's answers to interrogatories attached to the opposition to the motion for summary judgment, it stated that Ms. Bryant was at the dealership for an oil change.

[4] Mr. White was identified by name in the answers to interrogatories attached to the opposition to the motion for summary judgment.

You know, if you lay down, not like puddles, but it was just like – like it was – it was like – it was not big puddles. I could see it, but it was not like a lot of water, like – no, I am not going to say like if you mop, because when you mop, when it dries up, it was just – it was like little things of water, little stains of water. I can't describe it. But it was not a lot of water, it wasn't a lot.

Ms. Bryant also stated that she did not know if it was in fact water on the ground, or some other substance. She stated that it was an assumption on her part that someone had just mopped. She did not see anyone enter or leave the bathroom from the time she entered the dealership until she fell. She stated that she did not know how long the puddles had been on the floor, where they came from, and if anyone at the dealership knew there were puddles on the floor.

After screaming for help, Mr. White came to her aid and helped her out of the bathroom and into a chair in the waiting room. Ms. Bryant asked Mr. White to take pictures of the bathroom. She testified that after Mr. White took the pictures, he said "I can't take pictures of the water that I can't see it [*sic*]." She clarified that he said he couldn't take pictures of the water because "it wouldn't show, it was clear." When asked if Mr. White said he saw any water or not, she responded that "[h]e didn't say." Ms. Bryant testified that water was not shown in the pictures taken of the bathroom.

Ray Brandt also included excerpts from the deposition of Elizabeth Hollingsworth, an employee of the dealership working on the morning of the incident. Ms. Hollingsworth testified that around 7:00 a.m., approximately five minutes prior to Ms. Bryant entering the bathroom, she used the same bathroom to wash her hands. She stated that there was no liquid on the floor when she went into the bathroom. When she went into the bathroom after Ms. Bryant's fall, the only liquid she saw on the floor was coffee. She did not see any liquid on Ms. Bryant's clothing.

In opposition to the motion for summary judgment, Ms. Bryant first argued that there is a genuine issue of material fact as to whether the condition in the bathroom presented an unreasonable risk of harm that was reasonably foreseeable because in her deposition she testified that the floor was wet and it looked as if someone had recently mopped it. Next, she argued that there is genuine issue of material fact as to whether Ray Brandt had constructive notice of the hazard. In support, Ms. Bryant attached Ray Brandt's answers to interrogatories in which it stated that the floors of the dealership were cleaned nightly by PM Maintenance, Inc. Ms. Bryant also attached a letter from PM Maintenance, Inc. that stated that its cleaning crew was "completely done" with the cleaning by 5:00 a.m. and "[t]he floors are completely dry before we leave." She finally argued that there is a genuine issue of material fact as to whether Ray Brandt created the hazard at issue because Ms. Hollingsworth used the sink five minutes prior to her fall and "may have" dripped water onto the floor.

The motion for summary judgment was heard on May 29, 2019, whereupon the trial court granted the motion. In its oral reasons for judgment, the trial court noted that it found that the constructive or actual notice element as required by La. R.S. 9:2800.6 was missing in this instance. A judgment was signed on June 20, 2019 granting the motion and dismissing Ms. Bryant's claims with prejudice. This appeal followed.

In her first assignment of error, Ms. Bryant argues that a condition existed in or on the premises of Ray Brandt Dodge, and the condition presented an unreasonable risk of harm to Ms. Bryant. She contends that this is supported by her deposition testimony in which she testified that after she slipped and fell, she observed what looked like "someone might have mopped and it was just drying up." She also argues that Ray Brandt either created the wet floor or had actual or constructive notice of the wet floor prior to the fall. Specifically, she contends that

Ray Brandt had constructive notice of the hazardous condition since the floors were still damp after having been mopped earlier by PM Maintenance, Inc. Alternatively, she argues that Ms. Hollingsworth created the hazardous condition when she went into the bathroom around 7:00 a.m. and used the sink to wash her hands.

In Ms. Bryant's second assignment of error, she argues that a genuine issue of material fact exists as to whether Ray Brandt's service area meets the definition of "merchant" in La. R.S. 9:2800.6(C)(2). Specifically, she argues that she was at the dealership on the day of the incident to get a recall on her car repaired, and there is no evidence in the record that Ray Brandt sold good, foods, wares, or merchandise in its service area.

In opposition, Ray Brandt argues that there is no evidence of any substance on the floor in the area where Ms. Bryant fell other than the coffee she spilled when she fell. Nonetheless, Ray Brandt contends that even if there was water there, there is no evidence that it created the condition or had notice of the condition. In Ms. Hollingsworth's deposition, she stated that there was nothing on the floors just five minutes before Ms. Bryant fell. Ray Brandt also argues that Ms. Bryant fell in the bathroom inside the dealership, and the dealership is a "merchant" as defined by La. R.S. 9:2800.6 since its business is to sell automobiles, parts, and services.

## LAW AND ANALYSIS

"After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "The burden of proof rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment,

the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." La. C.C.P. art. 966(D)(1).

On appeal, our review of summary judgments is *de novo* under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. *Pizani v. Progressive Ins. Co.*, 98-225 (La. App. 5 Cir. 9/16/98), 719 So.2d 1086, 1087. Thus, appellate courts ask the same questions the trial court does in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. *Breaux v. Fresh Start Properties*, *L.L.C.*, 11-262 (La. App. 5 Cir. 11/29/11), 78 So.3d 849, 852.

A decision as to the propriety of a grant of a motion for summary judgment must be made with reference to the substantive law applicable to the case. *Bach v. Bd. of River Port Pilot Comm'rs*, 15-765 (La. App. 5 Cir. 5/12/16), 193 So.3d 355, 362. In the motion for summary judgment, the opposition, and at the hearing, the substantive law applied was La. R.S. 9:2800.6. Louisiana Revised Statute 9:2800.6 governs merchant liability for slip-and-fall cases and provides:

A. A merchant owes a duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the

burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition.

(2) "Merchant" means one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business. For purposes of this Section, a merchant includes an innkeeper with respect to those areas or aspects of the premises which are similar to those of a merchant, including but not limited to shops, restaurants, and lobby areas of or within the hotel, motel, or inn.

D. Nothing herein shall affect any liability which a merchant may have under Civil Code Arts. 660, 667, 669, 2317, 2322, or 2695.

In a slip-and-fall case against a merchant, a plaintiff must prove the essential elements of a standard negligence claim in addition to the requirements under La. R.S. 9:2800.6. *Burns v. Sedgwick Claims Mgmt. Servs.*, 14-421 (La. App. 5 Cir. 11/25/14), 165 So.3d 147, 152; *Sheffie v. Wal-Mart Louisiana LLC*, 13-792 (La. App. 5 Cir. 2/26/14), 134 So.3d 80, 83, *writ denied*, 14-0881 (La. 6/20/14), 141 So.3d 813. The failure to prove any of the requirements enumerated in La. R.S. 9:2800.6 is fatal to a plaintiff's cause of action. *Foster v. Pinnacle Entm't, Inc.*, 16-8 (La. App. 5 Cir. 4/27/16), 193 So.3d 288, 295; *Upton v. Rouse's Enter., LLC*,

15-484 (La. App. 5 Cir. 2/24/16), 186 So.3d 1195, 1199, *writ denied*, 16-0580 (La. 5/13/16), 191 So.3d 1057.

To determine whether a condition is unreasonably dangerous, courts are required to consider the following factors in the risk-utility test: (1) the utility of the complained of condition; (2) the likelihood and magnitude of harm, including the obviousness and apparentness of the condition; (3) the cost to prevent the harm; and (4) the nature of the plaintiff's activities in terms of social utility or whether the activities were dangerous by nature. *Bufkin v. Felipe's*, 14-288 (La. 10/15/14), 171 So.3d 851, 856.

In addition to proving that the condition presented an unreasonable risk of harm that was reasonably foreseeable, the plaintiff must also prove that the merchant either created or had actual or constructive notice of the condition which caused the damage prior to the occurrence. *Upton*, 186 So.3d at 1200. When constructive notice is at issue, the claimant must come forward with positive evidence showing that the damage causing condition existed for some period of time, and that such time was sufficient to place the merchant on notice of its existence. *Id*. at 1200 (citing *White v. Wal-Mart Stores, Inc*., 97-0393 (La. 9/9/97), 699 So.2d 1081, 1082).

For this statute to apply, the defendant must fall within the statute's definition of a merchant, as it is set forth above in La. R.S. 9:2800.6(C)(2). The statute defines "merchant" as "one whose business is to sell goods, foods, wares, or merchandise at a fixed place of business." Ms. Bryant argues that the facts of this case are similar to the facts in *Landry v. Leson Chevrolet Co., Inc*., 17-665 (La. App. 5 Cir. 6/6/18), 250 So.3d 360. *Landry* involved a slip and fall on a rainy day in the covered service bay of a dealership. *Id.* at 363. This Court found that a material issue of fact remained as to whether the defendant's service area meets the definition of "merchant" in La. R.S. 9:2800.6(C)(2). *Id*. at 371. This Court stated

that there was no evidence in the record that the defendant sold goods, foods, wares, or merchandise in its service area, and the evidence in the record indicated only that customers dropped off their cars in the service area to be serviced or repaired. *Id.* Ms. Bryant argues that in the present case, like *Landry*, there is no evidence in the record that Ray Brandt sold good, foods, wares, or merchandise in its service area.[5]

Upon review, we find, however, that we need not decide the issue of whether the area of the dealership in question here meets the definition of "merchant" pursuant to La. R.S. 9:2800.6, because summary judgment is appropriate herein under either La. R.S. 9:2800.6 or La. C.C. art. 2317.1, as both require notice of a defect or risk of harm prior to the incident.

La. C.C. art. 2317.1, which governs negligence claims against the owner or custodian of property, provides:

> The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of *res ipsa loquitur* in an appropriate case.

Under La. C.C. art. 2317.1, in order to impose liability for an unreasonably dangerous defect, a plaintiff must show that: (1) the thing was in the defendant's custody or control; (2) the thing had a vice or defect that presented an unreasonable risk of harm; (3) the defendant knew or should have known of the unreasonable risk of harm; and (4) the damage was caused by the defect. *Vail v. Schiro Bros. Shoe Store, Inc.*, 16-47 (La. App. 5 Cir. 5/12/16), 193 So.3d 342, 347; *Wiltz v. Floor & Decor Outlets of Am.*, 15-516 (La. App. 5 Cir. 2/24/16), 186 So.3d 1204,

---

[5] Noteworthy, in *Landry*, this Court also found that material issues of fact existed as to the existence of the hazardous condition on the floor, whether the defendant had the requisite notice thereof, and whether the defendant followed its rainy day procedures.

1208, *writ denied*, 16-0592 (La. 5/27/16), 192 So.3d 738.[6] If the plaintiff fails to prove any one of these elements, the claim fails. *Dauzat v. Thompson Const. Co., Inc.*, 02-989 (La. App. 5 Cir. 1/28/03), 839 So.2d 319, 322.

In the present case, there is no evidence that the condition of the floor at Ray Brandt created an unreasonable risk of harm or that Ray Brandt had actual or constructive notice of the alleged unreasonable risk of harm prior to the incident. *See Tomaso v. Home Depot, U.S.A., Inc.*, 14-1467 (La. App. 1 Cir. 6/5/15), 174 So.3d 679. Ms. Bryant testified in her deposition that she did not observe anything on the bathroom floor prior to her fall. After her fall, she observed seven or eight "puddles of water, like they were drying up like in different spots." However, upon questioning, she admitted that she could not confirm that the spots were in fact water. She also admitted that there was no water shown in the pictures Mr. White took after the incident occurred. Further, Ms. Hollingsworth testified that the only liquid on the floor when she went into the bathroom after the incident was coffee. Thus, the only allegation as to the existence of a substance on the bathroom floor that presented an unreasonable risk of harm was Ms. Bryant's deposition testimony. Mere conclusory allegations, improbable inferences, and unsupported speculation will not support a finding of a genuine issue of material fact. *Sears v. Home Depot, USA, Inc.*, 06-201 (La. App. 4 Cir. 10/18/06), 943 So.2d 1219, 1228, *writ denied*, 06-2747 (La. 1/26/07), 948 So.2d 168. Even if contained in a deposition, such inferences, allegations, and speculation are not sufficient to satisfy the opponent's burden of proof. *Id.*

Additionally, Ms. Bryant provided no evidence that Ray Brandt had actual or constructive notice of the alleged unreasonable risk of harm prior to the incident. Ms. Bryant claims that PM Maintenance, Inc. cleaned the floors prior to

---

[6] *See also Alexander v. Hancock Bank*, 16-0662 (La. App. 4 Cir. 2/8/17), 212 So.3d 713.

the incident. However, according to PM Maintenance, Inc.'s letter, it is done cleaning by 5:00 a.m., and the floors are dry before it leaves. Further, Ms. Hollingsworth testified that when she went into the bathroom five minutes prior to the incident, there was nothing on the floor. Ms. Bryant argues that Ms. Hollingsworth may have gotten water on the floor when she used the sink five minutes prior to this incident. However, this is mere speculation, and she provides nothing in support of this allegation. *See Sears*, *supra*.

Thus, upon *de novo* review, applying either La. R.S. 9:2800.6 or La. C.C. art. 2317.1, we find that Ms. Bryant failed to show that the alleged water presented an unreasonable risk of harm and that Ray Brandt knew or should have known of the alleged unreasonable risk of harm. Ms. Bryant thus failed to produce factual support sufficient to show that she will be able to meet her evidentiary burden of proof at trial as required by law. Therefore, as there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law, we find the trial court correctly granted Ray Brandt's motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's judgment granting Ray Brandt's motion for summary judgment and dismissing Ms. Bryant's claims with prejudice.

## AFFIRMED

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



**FIFTH CIRCUIT**

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## <u>NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY</u>

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY <u>**MARCH 17, 2020**</u> TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 19-CA-464

### <u>E-NOTIFIED</u>
24TH JUDICIAL DISTRICT COURT (CLERK)
HON. DONALD M. FENDLASON (DISTRICT JUDGE)
JONATHAN E. LEY (APPELLANT)          EDWARD L. MORENO (APPELLANT)

### <u>MAILED</u>
TRAVIS J. CAUSEY, JR. (ATTORNEY)          WAYNE R. MALDONADO (ATTORNEY)
CHRISTIAN A. GALLEGUILLOS          3850 NORTH CAUSEWAY BOULEVARD
(ATTORNEY)          SUITE 1280, LAKEWAY TWO
JOHN W. REDMANN (ATTORNEY)          METAIRIE, LA 70002
1101 WESTBANK EXPRESSWAY
GRETNA, LA 70053